Abbott *v.* Tenney.

## Abbott, Adm'r, *v.* Tenney.

A gift of a chose in action, by one who is indebted at the time, is good as against the donor and his heirs.

But it is fraudulent and void as against creditors, if the donor does not retain sufficient property to pay his debts.

If the donor dies, and his estate is insolvent, the administrator, acting as the representative of the creditors, may recover the amount, or value of the gift, in an action at law against the donee.

And the recovery, being by the administrator as such, he may apply

Abbott *v.* Tenney.

the money recovered, so far as may be necessary, to the expenses of the administration.

But the balance of the sum recovered, if any, will go, upon the settlement of the estate, not to the heirs, but to the donee.

A special order may therefore be made, staying the execution, in a suit against the donée, if he pays the costs of the action, and files a sufficient bond to pay such sum as shall be necessary to discharge the debts and the expenses of the administration.

ASSUMPSIT, for money had and received by the administrator of Martha Cummings, to recover the amount of a note dated May, 1838, for $600, made payable by the defendant to the said Martha in her life-time.

It appeared, from the admissions of the parties, that said Martha died January 13, 1844, and that six or eight weeks before her death she delivered the note in question to the defendant, who is her nephew, as a gift, he having paid nothing for it.

The plaintiff was duly appointed administrator upon her estate, and represented it insolvent, and a commissioner was appointed, who allowed four claims against her estate, amounting to $193.12.

The defendant contended that this note, not being a chattel which could be attached or seized on execution, might be given away by the intestate, and could not be claimed afterwards in this way, even by creditors; but the court overruled the objection.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court.

*Farley & Fletcher*, and *Bell*, for the plaintiff.

*Dudley*, for the defendant, cited 1 Story's Com., secs. 351, 360; 8 Cowen 406, *Seward* v. *Jackson;* 4 Wend. 300, *Jackson* v. *Peck;* 4 Vt. 389, *Brackett* v. *Waite;* 4 Whart. Dig. 27; 5 Watts 404, *Chamber* v. *Spencer;* 6 Paige 526, *Bank of U. S.* v. *Houseman;* 2 Kent Com. 443; 4 Johns. Ch. R. 450, *Bayard* v. *Hoffman.*

PARKER, C. J. As between the parties to this gift, and of course as to the heirs of the intestate, the gift was valid. The administrator of the donor cannot recover the money except as the representative of the creditors, and through their rights. If the deceased had left sufficient other property to pay her debts and the expenses of the administration, the title of the defendant would be perfect. The report of the judge does not find, in terms, that there was not property for the purpose, but the whole case has proceeded upon the assumption that this note, or a part of it, is necessary for the payment of the debts, and we shall therefore so consider it.

As to the creditors, the gift was fraudulent and void.

It has been urged, on the part of the defendant, that as the note could not be attached, nor seized on execution, it cannot be reached in this way by creditors, and there are some authorities that countenance the position that creditors cannot reach choses in action to satisfy their demands. See 1 Story's Eq., sec. 367.

The nature of the property, however, does not place it beyond the reach of creditors, if they cannot obtain satisfaction otherwise. After judgment, and execution returned *nulla bona*, creditors may maintain a bill in equity to reach the choses in action of the debtor. *Tappan* v. *Evans*, 11 N. H. Rep. 311.

But the more difficult question presented by this case is, whether the administrator may maintain an action at law, as the representative of the creditors, and in their behalf. After ample consideration we are of opinion that he may do so.

The gift being fraudulent and void as to creditors, it is, as to their rights, as if it had never been made. If the gift had not been made, the note would have been in the hands of the administrator, and he might have recovered the money, to be applied to the payment of the debts. As a void gift only is interposed against them,

and against his action in their behalf, the conclusion is that it cannot avail against him.

There are especial reasons in this case why this should be so held. The estate being represented insolvent, the creditors cannot institute actions at law, and procure returns of *nulla bona* on their executions, which, under the ordinary rule, when they proceed in their own behalf, is necessary to entitle them in equity to reach the choses in action of the debtor. But the return of *nulla bona* is only to show that the remedy at law is exhausted; and as in the case of an estate represented insolvent, the claims of the creditors are to be allowed by a commissioner, there is no remedy at law, and the *nulla bona* appears in the fact that the administrator has nothing to pay them with. He ought to have, and but for this gift would have had, the avails of this note. The gift, then, is not only void as against creditors, but it is void also as against the administrator, representing the creditors, whose claims he is bound to pay, if he may obtain the means of payment.

It is not necessary that this suit should be defeated, and the creditors be compelled to resort to equity, there to contend that they have a right to come in on an exception to the general rule, because they have no remedy at law to exhaust, and cannot procure the return *nulla bona*.

An administrator of an insolvent estate is emphatically the representative of the creditors. The statute authorizes the administrator of an estate, represented insolvent, to take possession of the real estate, to the exclusion of the heirs, in order that the rents and profits, as well as the estate itself, shall be applied, if necessary, to the payment of the debts.

Here another question arises, to wit, what is the plaintiff entitled to recover? The whole amount of the note may not be wanted for the purposes of the administration. It probably will not. If not, then the gift, being good

against the heirs, the defendant seems to be entitled to the balance, upon the final settlement of the estate.

This question involves another, and that is, whether the administrator, being entitled to recover in virtue of the rights of the creditors, may apply any portion of the amount recovered to the expenses of the administration, if not otherwise provided for, or whether he is entitled to so much only as will pay the debts?

We have come to the conclusion that he is legally entitled to recover the whole amount of the note, because the gift was an entire gift of the whole note, and the gift being void as against the administrator, it is entirely void as against him. The entire gift being void as against the administrator, the defendant cannot set up a right to retain any portion of it, whatever rights he may establish hereafter to any balance that may remain on the settlement of the estate. The amount recovered will be in his hands as administrator, to be disposed of in due course of administration; and he may apply so much as may be necessary to the expenses of the administration; for, on the ordinary rule, whatever is in the hands of the administrator is in the first instance to be applied to such expenses, and the creditors, if there is not enough left to pay them in full, are entitled only to a dividend.

Supposing the amount of the note to be more than sufficient to pay the creditors, there is no right, on the part of the defendant, which requires the application of the proceeds of the recovery to the payment of the debts in full, and the payment of the balance to him, leaving the expenses of the administration (a material part of which have doubtless been incurred in the prosecution of this suit) unpaid, and with no means for their payment. And as the gift is entirely void as to the creditors, there is nothing that calls upon us to separate from the note an amount sufficient to cover the debts, and then to hold that so much of the fund, thus recovered, as may

Abbott *v.* Tenney.

be necessary to pay the expenses of the administration, is applicable to that purpose, and that the remainder is to be divided among the creditors.

The injustice of either of these courses serves to show; the gift being void as to the creditors, and the recovery being had in due course of administration because it is so void; that it is void also as against the expenses of the administration, so far as they may require an appropriation of what is recovered to their satisfaction; and that this is but reasonable and just is shown from the fact before stated, that, but for the void gift, the whole note would have been in the hands of the administrator, to be applied in the ordinary course of administration. In other words, the money comes into the hands of the plaintiff as administrator, and is thus, in the first instance, subject to the expenses of the administration.

But although the plaintiff is entitled to apply the proceeds, when recovered, to the payment of the expenses of the administration, if necessary, as well as to the payment of the debts, there seems to be no good reason why the defendant should not be entitled to what may be left, as against the heir, as to whom the whole gift was good. The fact that the gift is void as against creditors, causes no forfeiture in favor of the heir, against whom it was good.

As the defendant, therefore, may have, and, from the amount of the claims reported, seems to have, an interest in a balance which will remain after the payment of debts and expenses, we can, perhaps, by a special order, relieve him from paying that portion of the judgment which he will be entitled to receive back again, when the estate is settled, upon the ground that he has a better title to the balance than the heir, through and by means of the gift operating as a transfer to him, subject to the rights of the administrator.

Let judgment be entered for the plaintiff, on the ver-

dict, with an order that execution be stayed for the term of fifteen days from the end of the next term of the court of common pleas; and if the defendant shall, within that time, pay the costs of the suit, and file a good bond, in the penal sum of one thousand dollars, with sufficient sureties, to be approved and accepted by the clerk, conditioned to pay the plaintiff such sum of money as shall be necessary to satisfy and discharge the balance appearing to be due for debts allowed against the estate of the plaintiff's intestate, and for the expenses of the administration thereon, on the settlement of the plaintiff's administration account, (not exceeding, however, in any case, the amount of the damages recovered in this action) within fifteen days after the plaintiff's account of administration shall have been allowed by the judge of probate, and notice thereof given to the defendant, then no execution to issue on the judgment. But if the defendant shall neglect to pay the costs, and file such bond within that time, execution to be issued on the judgment in the common form.

*Judgment for the plaintiff.*